{¶ 12} With all due respect to the Majority Opinion, I dissent. The closure order in this case expired after one year of its commencement. The Majority Opinion holds a closure order against any use shall exist for more than one year because the mandatory one-year period in R.C.3767.06(A) does not commence until final judgment. In many cases, final judgment is the last act imposed by the trial court on an owner charged with maintaining a nuisance; accordingly, several years could elapse before final judgment.
 {¶ 13} In essence, the Majority Opinion ignores the language of the statute. R.C. 3767.06(A) in essence mandates a closure against an owner for any use or any purpose of the owner's property for a maximum of one year. It is the any use or any purpose language, I believe, that controls the closure order. Several cases have held that the maximum closure order is one year. See State ex rel. Pizza v. Rezcallah (1998),84 Ohio St.3d 116, Cincinnati ex rel. v. Cosgrove S. Grogan (2001),141 Ohio App.3d 733, and State ex rel. Miller v. Nu-Look Bookstore
(Apr. 30, 1991), 10th Dist. No. 90 AP-939.
 {¶ 14} Pizza v. Rezcallah points out that "where the owner has not provided a bond prior to the trial on the merits, and where no prior closure order was issued against the use of the property, the order shall direct closure of the real property against any use for one year. Id. at 122. This interpretation seems credible because the one-year order is against any use, or any purpose legal or illegal.
 {¶ 15} Thus, the one-year period does not apply to the illegal use, where a nuisance has been established. After it has been established, the nuisance is permanently enjoined and the owner is perpetually enjoined from a nuisance at the offending property and any other property so owned or maintained. Pizza v. Rezcallah's reasoning underscores that the final order will always operate against the nuisance behavior, perpetually. However, the closure order against an owner for any use or any purpose is restricted by R.C. 3767.06(A) for one year.
 {¶ 16} Nevertheless, the Majority Opinion relies upon State ex rel.Rothal v. Smith, 2002-Ohio-7328 and concludes that it is wrong to rely on the one-year maximum length interpretation, without addressing the commencement issue. However, nowhere in the statute does the language "closure from date of final order or judgment" exist. The language in R.C. 3767.06(A) states clearly the closure order for any use shall exist only for one year.
 {¶ 17} The Majority Opinion recognizes that the one-year period is the maximum length of the closure; however, it wants to extend the closure time by urging that it commences at final judgment. In this case, this approach would extend the closure for three years for any use, or anypurpose which includes a legal use. I believe the trial court made the correct interpretation. I would affirm.